KLEIN, J.
Appellant was convicted of aggravated battery with a deadly weapon, but argues that the trial court erred in restricting his impeachment of the key witness. We reverse.
Appellant and the victim, who had been dating, went out for dinner and drinks. The victim, who was taking two antidepressants and a mood stabilizer, had three screwdrivers and two beers. When appellant drove the victim home about 5:30 A.M. they had a heated argument after which he apparently pulled her out of the car onto the pavement. While he was driving away she was struck by his car and injured. The primary issue at trial was whether appellant had intentionally struck her or if she had stepped in front of the car. The theory of defense was that the victim had become intoxicated and violent as a result of the alcohol and medicine.
The victim admitted on direct examination that she had a pending charge against her for battery and criminal mischief. The trial court ruled, however, that appellant could not cross-examine her about the details from which that charge arose, which involved a violent confrontation with a different man while she was intoxicated.
Appellant was attempting to cross-examine the victim about the prior incident to show that she had a propensity to be violent while on the medicine and alcohol, and also to impeach her testimony in this trial that she never drank alcohol to excess while she was on her medication. The trial court may have interpreted the de *607 fense s argument as involving only propensity and, if that had been the only ground, we would affirm. Appellant also argued, however, that he was entitled to impeach her denial that she had never abused alcohol while on her medication. We agree with the appellant that this requires reversal. The only eyewitnesses were the victim and the appellant, and the victim’s credibility was of crucial importance. Reversed.
POLEN, C.J., and GROSS, J., concur.